# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LONNIE SCANDRICK,                     :

     Petitioner,                     :          Case No. 3:12cv0002

 vs.                                 :          District Judge Thomas M. Rose
                                        Magistrate Judge Sharon L. Ovington

WARDEN, Lebanon Correctional         :
Institution,
                                     :
     Respondent.

## ORDER

     Petitioner is an inmate in state custody at the Lebanon Correctional Institution.  He seeks  a writ of habeas corpus under 28 U.S.C. §2254.  The case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Reference.

     Upon preliminary consideration pursuant to Rule 4 of the Rules Governing §2254 Cases, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that Petitioner is not entitled to relief in this Court.  Accordingly, Respondent shall file an Answer conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases.  Specifically, said Answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, Petitioner has exhausted his state remedies, including

delayed appeal, Application to Reopen Appeal under Ohio R. App. P. 26, and Petition for Post-Conviction Relief pursuant to Ohio Revised Code §2953.21.

Respondent is reminded of the requirement in S. D. Ohio Civ. R. 7.2 that any motion paper over twenty pages must be accompanied by "a succinct, clear and accurate summary, not to exceed five pages, indicating the main sections of the memorandum, the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found."

Respondent's Answer shall be accompanied by those portions of the state court record needed to adjudicate this case, appropriately indexed and tabbed. In lieu of these attachments, Respondent may request and the Court will issue a writ of certiorari to the relevant County's Clerk of Courts to produce the complete record.

Nothing in this Order is intended to prevent Respondent from filing a Motion to Dismiss or other pleading before filing the complete record if disposition can be made on an incomplete record.

Petitioner may file and serve a Reply or Traverse to the Answer not later **than twenty-one days after the Answer is filed**. If Respondent files a Motion to Dismiss, Petitioner's time to file a Memorandum in Opposition will likewise be **twenty-one days from service**, as provided in S. D. Ohio Civ. R. 7.2(a).

## IT IS THEREFORE ORDERED THAT:

1.  On or before **February 21, 2012**, Respondent shall file an Answer in this case conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases; and

2.      The Clerk of Court is directed to serve the Petition and a copy of this Order by electronic or regular mail on Respondent and the Attorney General of Ohio, c/o Assistant Attorney General M. Scott Criss, Corrections Litigation, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215-6001.


January 5, 2012                                 __s/Sharon L. Ovington__
                                                      Sharon L. Ovington
                                             United States Magistrate Judge