## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LONNIE SCANDRICK, | **:** | |
| Petitioner, | **:** | Case No. 3:12cv00002 |
| vs. | **:** | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| WARDEN, Lebanon Correctional Correctional Institution, | **:** | |
| | **:** | |
| Respondent. | **:** | |
| | **:** | |

## REPORT AND RECOMMENDATIONS[1]

This Court previously denied with prejudice Lonnie Scandrick's Petition for Writ of Habeas Corpus and declined to issue him a Certificate of Appealability. (Doc. #11, PageID at 925). Scandrick has filed a Notice of Appeal. (Doc. #14).

The case is presently before the Court upon Scandrick's *pro se* Motion For Pauper Status (Doc. #13) and the record as a whole. Scandrick "move[s] to waive the payment of the appellate filing fee under Fed. R. App. P. 24 because [he] is a pauper." *Id*. He swears under the penalty of perjury that he cannot afford to pay the required appellate docket fees or "post a bond for them." *Id*. And he has attached his financial affidavit to his Motion.

Scandrick may not proceed *in forma pauperis* on appeal "if the trial court certifies in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

writing that [his appeal] is not taken in good faith." 28 U.S.C. §1915(a)(3).  The test under

28 U.S.C. §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks

appellate review of any non-frivolous issue.  *Coppedge v. United States*, 369 U.S. 438, 82

S.Ct. 917 (1962).  An appellant's good-faith subjective motivation for appealing is not

relevant.  The issue instead is whether, viewed objectively, there is any non-frivolous issue

to be litigated on appeal.  *Id*., 369 U.S. at 445, 82 S.Ct. at 921.

Scandrick's Motion For Pauper Status and attached financial affidavit establish that

he is unable to pay the $450.00 docketing fee required to pursue an appeal.  He is therefore

financially eligible for *in forma pauperis* status.  However, his Motion presents no new

contentions that indicate why his appeal is taken in good faith.  As a result, and for the

reasons set forth in the prior Report and Recommendations as well as the Decision and Entry

adopting it (Doc. #s 8, 11), objectively viewed, there are no non-frivolous issues to be

litigated on appeal.

Accordingly, Scandrick's appeal is not taken in good faith.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Scandrick's Motion For Pauper Status (Doc. #13) be DENIED; and

2.  The case remain terminated on the docket of this Court.


April 18, 2014                                        s/Sharon L. Ovington
                                                      Sharon L. Ovington
                                             Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).